## SUCCESSION OF MARTIN H. DEVEREUX.

A partition of a succession made between an heir of age and minor heirs cannot be opposed by the heir who was of age and who went into possession of his portion, on the ground of informalities in the proceedings as regards the minor heirs.

Such a partition, although not homologated, is binding on the heir of age who signed the act of partition. The decree of the Judge was only necessary to bind the minors.

APPEAL from the Fifth District Court of New Orleans, *Augustin*, J.

C. *Roselius*, for tutrix and appellant. *Semmes & Labatt*, for opponent and appellee.

MERRICK, C. J. The partition made on the 10th day of July, 1852, cannot be disturbed in this proceeding on account of the causes alleged.

In 1843, *Martin H. Devereux* applied to the Probate Court to be confirmed as tutor to his minor daughter, the present opponent in this case. In 1845, he rendered his tutor's account in the same court, contradictorily with the under-tutor, wherein he showed a balance due his daughter from her deceased mother's estate and the community of $17,370 57. This account was homologated November 14th, 1845.

*Devereux* having contracted a second marriage, died in 1851, leaving two minor children by such second marriage. His second wife also survived him.

*George Allen* was appointed his testamentary executor.

The opponent arrived at the age of majority on the 6th day of January, 1852.

The executor, in May, 1852, on presenting his final account wherein he had set forth the indebtedness of the estate to the opponent and the amount coming to her, the widow and minor heirs, proposed a plan of distribution or division, and in order to facilitate the payment of opponent and to effect a partition between the parties, and avoid a sale, prayed that the heirs be notified of the filing of the account and alleged that a family meeting would be called to deliberate, and prayed that petitioner be discharged. In this account he placed the opponent's claim against her father's succession at the same sum as mentioned by her father in his account, and added thereto her share of the residue of his estate after making deduction of her debt. The account (which had been shown to her and explained previous to its being filed) was duly notified to her after the same was filed, and *she expressly approved of the proposed giving in payment and partition on the basis set forth in the account* on the 16th day of June, and it was homologated on the 19th day of June, 1852.

The family meeting was convoked and was assisted by experts who appraised the property proposed to be set apart to pay opponent her debt and allot to her her portion of the estate to be divided, and also the portions proposed by the executor to be set off to the widow and the minor heirs. The family meeting advised that the proposed partition and giving in payment should be carried into effect, and recommended that the same be done as soon as practicable. The under-tutor concurring, the Judge homologated the deliberations of the family meeting and ordered " a final settlement and partition among the widow and heirs of the late *Martin H. Devereux*, as well of the community as of the separate property belonging to the succession of the deceased, and

the payment of the debts and legacies of the succession, by giving in pay-
ment, setting apart and conveying certain property equivalent in value to the
claims and rights of the respective parties against and in the succession of the
deceased, (be) made before H. B. Cenas, Notary Public of this city, in accor-
dance with the account herein of the testamentary executor and of the advice
of the family meeting." This decree was signed July 7th, 1852.

On the tenth day of the same month, the partition took place, and precisely
the same property was set off to the opponent in payment of her claim against
her father's estate, as well as her interest in it as was *proposed* by the executor
and *recommended* by the family meeting and *ordered* by the Judge. And in
like manner was the property set apart to the widow and the minor heirs.

The opponent was a party to the act of partition and signed the same with
the widow and tutrix, the experts, the notary and the witnesses.

One clause of the act reads thus: " And the said *Miss Mary Hart Devereux*
(i. e. the opponent) and *Mrs. Mary C. Devereux* do by these presents transfer,
convey, assign and set over unto the said minors *Anna M. Devereux* and
*Catherine Devereux* all their right, title and interest in and to the property
herein allotted and given in payment to the said minors."

The widow and under-tutor in like manner recognize the rights of the oppo-
nent, and all parties acknowledge the receipt from the executor and possession
of the property "set apart, conveyed and given in payment of their respective
claims and rights against and in" the succession.

The opponent as well as the widow and heirs have been in the possession
and enjoyment of their respective portions ever since.

The act of partition not having been homologated by the decree of the
court, the opponent filed an opposition to the partition on the 19th day of
January, 1856, which was amended in May of the same year, and citation
served upon the widow individually and as tutrix the 28th day of May.

As to so much of the opposition as attacks the tutor's account and the judg-
ment homologating the same, the Judge of the Fifth District Court correctly
decided that he had no jurisdiction.

The question, therefore, to be decided by this court, is whether or not the
partition signed by the opponent is binding upon her ?

It is contended that the partition is informal because special tutors were not
appointed to represent the two minors as required by Article 1291 of the Civil
Code, and because the allotment of the shares to the minors was made con-
jointly.

At the time the opponent signed the act of partition, she was of full age,
and the instrument required no homologation to make it obligatory upon her·
It was an act which, if all the parties had been majors, would not have required
the decree of the Judge to give it validity as to any one. The decree of the
Judge was only required to bind the minors. The widow and major heirs had
the right, if they had so chosen, to withhold their signatures and approbation
from the act. If they had done so, they would have been at liberty at any
time before ratifying it by taking possession of the property, to oppose the
partition and show irregularities in it. But having approved the act, having
conveyed to the minors the interests allotted them by the act, they are in the
condition of parties who have voluntarily confessed judgment. They cannot
afterwards be permitted to attack the proceedings for want of form at least.
C. C. 1785, 1438. All that they now can do, is to present the partition for

homologation and cite the proper parties who have the right to oppose the same, and if the appellee shall deem the advice of a family meeting necessary to confirm the act of partition, she has the right to call such family meeting. C. C. 1788.

These views have been repeatedly recognized by our predecessors.

In the case of *Cooney's Heirs* v. *Clark*, 7 L. R. 160, it is said: "The principal objections to it (the partition) are its informalities in the proceedings and want of homologation in due time. It is true that the proceedings did not appear to be clothed with all the formalities which probably are required by law to give absolute and conclusive effect to them as a final partition. It was made in judicial form between co-heirs, some of whom were minors represented by their mother and tutrix, and if the property really belonged to the estate of their father, the partition gave to each heir a separate title to the property by him partaken, good and valid until annulled or changed by the application of those interested in the succession. See La. Code, Arts. 1219 and 1438."

In the case of *Dufau et al.* v. *Latour et al.*, 8 L. R. 552, the suit had been brought without noticing a previous partition. On an exception being taken to the action, the court says: "The act of partition relied on in support of the exception recites that 'the surviving husband and the heirs properly represented appeared before the notary, who was the same Judge of Probates in pursuance of a previous notice, and that the notary proceeded to open the present *procès verbal* of partition.' It then sets forth the net amount of the estate in money, after deducting the charges, and concludes by exhibiting the distributive share of each of the heirs. It appears to be signed by all parties interested, the married women duly represented by their husbands."

"We are of the opinion," the court proceeds, "that the Court of Probates did not err in sustaining the exception. While this act remained in force and not rescinded, no new partition could be provoked. *The parties are to be governed by it as to the shares they are respectively entitled to ;* and if any of the heirs have received more than their share at the sale of the estate, their co-heirs are entitled to an action to enforce the *contract* and to equalize the shares in the courts of ordinary jurisdiction."

In the case of *Baham et al.* v. *Baham*, 11 L. R. 511, Carleton, Judge, as the organ of the court, said: "Courts should listen with great caution to objections of this nature, (objections relating mostly to matters of form in a sale to effect a partition,) when no injustice appears to have been done. The formalities prescribed by law for conducting suits and the fulfillment of contracts, are intended as a safeguard to protect the rights of parties, and should never be used as a weapon to inflict an injury. In the case now under consideration, the sale took place on the 27th of May, 1835, and no complaint was heard until the 27th of August, 1836, when the plaintiffs filed their petition."

The testimony having shown that the parties complaining had ineffectually offered some of the notes taken at the sale to effect a partition for discount, the court remarks further:

"This testimony, standing as it does, wholly uncontradicted upon the record, shows what, in our opinion, amounts to a ratification of the sale ; and that any objections on the part of the plaintiffs against the irregularity of the proceedings, if any have intervened, comes too late."

In the case of *Kemp* v. *Kemp et al.*, 15 L. R. 520, Bullard, Judge, as the

organ of the court, said : " As it relates *to the heirs of age* at the time of these partitions, *they have no right to complain,* and so far as they are concerned those acts ought to be held valid.  But the minors and those not parties are not concluded, and their portions ought to be made up to them according to the principles of equity. Such partial and informal divisions of property ought not to be treated as absolute nullities, specially when they have been acquiesced in for a series of years, and while the rights of minors are to be protected, other vested rights are, if possible, to be maintained." See Opinion Book No. 9, p. 573.

From these authorities, it appears that Article 1785 of the Civil Code, which declares that those who have treated with a minor cannot plead the nullity of the agreement, if it is sought to be enforced by the party when the disability ceases, or by those who legally administer the rights of such person during the disability, is applicable to a partition, and that the major heir who has signed and ratified the act of partition cannot be heard to allege its nullity be- 'cause not formal as to the minor.

The case of the *Succession of Story,* 5 An. 210, is not at all opposed to the previous decisions.   That case was a direct appeal from a  partition which the appellants had never ratified, but which they were opposing.  Of course they had a right to have the forms of law pursued in making the partition.  The case of *Gassen* v. *Palfrey,* 9 An. 560, is also one of those cases in which this court has held that the bidder at a judicial sale who has not either paid the price or taken possession, is not obliged  to complete the purchase and pay the price where he discovers illegalities in the proceedings, which have led to the sale, calculated to throw a cloud upon his title : a very different case from that where the purchaser has signed the act of sale or adjudication and taken possession.

As it respects the allotment of the shares of the two minors conjointly, if they are prejudiced by it, they alone can complain.  At most, they are only prejudiced by its making them pay the costs of a partition between themselves, whilst any loss would be borne by both and any advantage by the increase in value of any portion of the property would benefit both.   This is not a matter entering into the essence of the contract of partition, as often portions allotted *per stirpes* will not admit of further subdivisions.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the District Court be reversed, and that the opposition of *Mary Hart Devereux,* wife of *Cornelius Noonan,* appellee, to the partition of the estate of her father, *Martin Harper Devereux,* be dismissed and the prayer of said opposition rejected at cost of appellee in both courts.

Spofford, J., took no part in this decision.